## Carter v. Baruso

*Edward Rubin*, for plaintiff.
*Joseph Goldberg*, for defendant.

DI BONA, *J.*, August 17, 1983—This matter involves the preliminary objections of defendants Peter H. Baruso (Baruso) and Howard Security Services, Inc. (Howard Security) to the complaint in trespass of plaintiff Kenneth Carter (plaintiff).

Plaintiff commenced this action on November 18, 1982 to recover damages for personal injuries which he allegedly sustained when assaulted by defendant Baruso at the Johnsville Naval Air Defense Center (Center). Baruso, an employee and/or agent of Howard Security, was purportedly guarding the Center at the time of the incident.

Defendants filed their initial preliminary objections on March 9, 1983. Defendants claimed that this court lacked subject matter jurisdiction because defendants were "persons acting on behalf of a federal agency in an official capacity" when the incident occurred. See 28 U.S.C. §2671. According to defendants, the United States District Court for the Eastern District of Pennsylvania had exclusive jurisdiction over the matter pursuant to 28 U.S.C. §1346(b). That section confers exclusive jurisdiction over actions against governmental employees.

Defendants had filed a petition to remove the action to the federal district court. In addition, plaintiff petitioned for remand of the action. This court entered an order on April 14, 1983, which stayed determination of defendants' preliminary objections pending the decision of the federal district court on the petition for remand.

On May 31, 1983, the Honorable Edward N. Cahn granted plaintiff's petition to remand this matter. Judge Cahn held that defendants' petition to remove the action was untimely, as it was filed more than 30 days from the date of service of the complaint. Judge Cahn further ruled that defendant Baruso was an employee of an independent contractor. As the action was between private parties, there was no federal jurisdiction over this matter.

Defendants have renewed their preliminary objections. Initially, defendants claim that the acquittal of Baruso in a criminal action arising from the incident acts as collateral estoppel and precludes relitigation of issues regarding defendants' liability in the trespass action. In addition, defendants contend that jurisdiction in this court is not appropriate because this action "involves an employment relationship whereby an agency of the federal government is directing the activities of an employee of a private government contractor."

It is the opinion of this court that the acquittal from criminal charges does not preclude litigation of defendants' alleged liability in the trespass action. The burden of proof in a criminal action exceeds that of a civil action. Accordingly, the fact that Baruso was found innocent of criminal charges has little if no bearing on whether Baruso acted negligently and recklessly.

Moreover, jurisdiction in this court is not inappropriate merely because the issues implicate the degree to which a federal agency directed or supervised Baruso. At this stage of the litigation, the court cannot resolve factual issues regarding whether Baruso acted in a capacity synonymous with federal employment. Defendants will have ample opportunity to assert and prove their defenses at the time of trial.

In view of the foregoing, the court will deny defendants' preliminary objections. An appropriate order will be entered.

## ORDER

And now, this August 17, 1983, upon consideration of defendants' preliminary objections, and plaintiff's response thereto, it is ordered that said preliminary objections are dismissed.